**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

Lisa Tran, LLC, an Oklahoma limited liability
company, *et al.*, for themselves and those similarly
situated,

                           Plaintiffs,

  vs.

State of Oklahoma *ex rel.* Oklahoma Medical
Marijuana Authority ("OMMA"), *et al.*,

                           Defendants.

Case No.: 25-cv-00512-CDL

---

**EMERGENCY MOTION BY PLAINTIFFS**
**AT JOY GROWERS AND THEIR OWNERS**
**FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs At Joy Growers, and their owners (Plaintiffs' Nos. 22-26) (collectively the "Moving Plaintiffs"), by and through their counsel, Dana L. Kurtz of Wirth Law Office, hereby move this Court on an *emergency* basis pursuant to Federal Rule of Civil Procedure ("FRCP") 65 for a Temporary Restraining Order ("TRO") and Preliminary Injunction, enjoining Defendants from enforcing the Final Order issued by the Oklahoma Bureau of Narcotics and Dangerous Drugs Control ("OBNDD") as to their outdoor grow (the "Final Order"), which revoked Plaintiffs' OBNDD registration. Plaintiffs' brief in support of this Motion is filed simultaneously herewith. In support of this Emergency Motion, Plaintiffs state:

1.      This motion is limited to ***At Joy Growers' outdoor grow only***, as OBNDD exceeded its administrative authority as to the outdoor grow, because no Certificate of Occupancy is required for an outdoor grow.

2.      The Moving Plaintiffs seek a TRO ***on or before February 20, 2026***, to preserve the status quo, allowing them to continue to operate as to their outdoor grow exclusively, as they have done since 2020 without incident, pending a hearing on their request for a preliminary

injunction. Because Defendants have appeared in this action (*see* Dkts. 10-15), this Motion is not *ex parte*, and the Moving Plaintiffs request expedited consideration and a hearing at the Court's earliest convenience. Absent injunctive relief, the Moving Plaintiffs will suffer irreparable injury that cannot be remedied by damages, rendering any later judgment ineffectual.

3.      Plaintiff At Joy Growers ***must enter into contract by no later than February 20, 2026 in order to prepare for the outdoor grow season that starts June 1, 2026***. Plaintiffs do ***not*** use buildings for their outdoor grow; the plants are cut and frozen and put into the back of truck trailers and transported off the property. Even if a COO was required, which it is not required for an outdoor grow, Plaintiff At Joy Growers is at 50% inspection for their COO and should be at 100% and final inspection before they put any plants in the ground on June 1, 2026.

4.      Plaintiffs, through their counsel, have attempted to resolve this matter with Defendants' counsel, and as of February 9, 2026, the Parties reached an impasse. *See XMission, L.C. v. Click Sales, Inc.*, No. 2:17CV1287DAK, 2019 WL 1574810, at *7.

5.      At least three (3) other Oklahoma District Courts have granted similar TROs under the same or substantially similar circumstances. *See* Exhibit 1, *C3E Management LLC, et al. v. Oklahoma State Bureau of Narcotics and Dangerous Drugs Control*, Case No. 25-cv-192, Order Granting TRO (Nov. 25, 2025); Exhibit 2, *Canna Plus Farm LLC v. Oklahoma State Bureau of Narcotics and Dangerous Drugs Control*, Case No. 25-cv-19, Order Granting TRO (Dec. 19, 2025); Exhibit 3, *Canna-Buds LLC v. Oklahoma State Bureau of Narcotics and Dangerous Drugs Control*, Case No. 25-cv-108, Order Granting TRO (Dec. 29, 2025).

6.      The Moving Plaintiffs seek a TRO to preserve the status quo, allowing them to continue to operate their outdoor grow as they have done since 2019 without incident, pending a hearing on their request for a preliminary injunction.

7.      Because Defendants have appeared in this action (*see* Dkts. 10-15), this Motion is not *ex parte*, and the Moving Plaintiffs request expedited consideration and a hearing at the Court's earliest convenience. Absent injunctive relief, the Moving Plaintiffs will suffer irreparable injury that cannot be remedied by damages, rendering any later judgment ineffectual.

8.      Plaintiffs have and will be able to demonstrate a substantial likelihood of success on the merits of their claims.

9.      Without injunctive relief, Moving Plaintiffs will suffer immediate and irreparable harm that cannot be remedied by monetary damages.

10.      The balance of equities strongly favors Moving Plaintiffs. They seek only to maintain the status quo – continuing operations as they have done legally and without incident since 2019, or further order of this Court. Defendants, by contrast, suffer no harm from the delayed enforcement of an unconstitutional order.

11.      The public interest is served by enjoining unconstitutional enforcement actions for several reasons, including but not limited to the following: (1) preventing violations of due process rights upholds the rule of law and maintains public confidence in governmental institutions; (2) protecting businesses from ultra vires agency actions prevents arbitrary government overreach and ensures agencies operate within their lawful authority; (3) maintaining Oklahoma's regulated medical marijuana industry serves the public interest by preserving jobs, tax revenue, and access to medical marijuana for patients who rely on it for treatment; and (4) allowing businesses to continue operations while awaiting COOs – which they have diligently applied for but cannot obtain due to State Fire Marshal Office delays – serves the public interest by preventing unnecessary business closures and economic harm.

12. The Moving Plaintiffs request an expedited hearing on this Motion. If the Court grants a TRO pending the hearing, it should remain in effect until resolution of the preliminary injunction request.

13. Plaintiffs request that no bond or a nominal bond be set, as Defendants face no financial harm in maintaining the status quo.

WHEREFORE, for the foregoing reasons, the Moving Plaintiffs respectfully request that the Court grant this Motion and enter an Order granting the following relief:

A. Enjoining Defendants from enforcing the November 14, 2025 Final Order as it applies to At Joy Growers' outdoor grow and from taking any action based on that Final Order to revoke, suspend, or otherwise interfere with Moving Plaintiffs' OBNDD registration or their lawful medical marijuana operations, as it relates to their outdoor grow, pending further order of this Court.

B. This TRO shall extend until the Court can hold a hearing within 14 days of this motion pursuant to FRCP 65(b)(2) and rule on Moving Plaintiffs' request for preliminary injunction or by consent of the parties.

C. The Court to set a hearing on Moving Plaintiffs' request for preliminary injunction as soon as practicable.

D. Moving Plaintiffs shall post a bond/undertaking in the amount of $0.

E. Such other relief as is just and equitable.

Respectfully submitted,

**ATTORNEY FOR PLAINTIFFS**

/s/Dana L. Kurtz
Dana L. Kurtz

Dana L. Kurtz, Esq., OBA#18092
Wirth Law Office
500 W. 7th St.
Tulsa, OK 74119
(918) 932-2800, Ext. 135
www.wirthlawoffice.com
dana@wirthlawoffice.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 11, 2026, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

**Counsel for Defendants**

Devan A Pederson                devan.pederson@oag.ok.gov
Alejandra J Brigida             alejandra.brigida@oag.ok.gov
Anthony Reding                  aj.reding@oag.ok.gov

**Counsel for Richard Lynn Dopp (Plaintiff No. 29); Splash Farms, Inc. (Plaintiff No. 6), owner Un Sun Kim (Plaintiff No. 7); Plasma Green, Inc. (Plaintiff No. 8), and owner Qiao Jia Liao (Plaintiff No. 9)**

R. Charles Wilkin              charles.wilkin@wilkinlaw.com

*/s/Dana L. Kurtz*

_____

Dana L. Kurtz