**IN THE DISTRICT COURT OF CREEK COUNTY**

**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK

NOV 2 5 2025

TIME_____10:36_____
Amanda VanOrsdol, COURT CLERK

|  |  |  |
|---|---|---|
| C3E MANAGEMENT LLC | ) | |
| and BKF1, LLC, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case Number: CV-2025-192 |
| OKLAHOMA STATE BUREAU OF | ) | |
| NARCOTICS AND DANGEROUS | | |
| DRUGS CONTROL; | ) | |
| OKLAHOMA MEDICAL | | |
| MARIJUANA AUTHORITY; | ) | |
| OKLAHOMA STATE FIRE MARSHAL; | | |
| and KEVIN STITT, in his official capacity | ) | |
| as Governor of the State of Oklahoma, | | |
| Defendants. | ) | |

## ORDER GRANTING EX PARTE TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiffs' Verified Petition and Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction. The Court, having reviewed the Verified Petition, Motion, and supporting exhibits, and being fully advised, finds as follows:

1. Pursuant to 12 O.S. § 1382, good cause exists for issuance of an ex parte Temporary Restraining Order ("TRO") as immediate and irreparable injury will result to Plaintiffs before Defendants can be heard in opposition.

2. Plaintiffs have demonstrated a substantial likelihood of success on the merits of their claims, including violations of due process, right to jury trial, equal protection, and ultra vires agency action under 75 O.S. § 306.

3. Plaintiffs will suffer irreparable harm absent relief, including destruction of growing plants, operational halt, job losses, revenue forfeiture, strain loss, and criminal exposure—harms not compensable by damages.

4. The balance of equities favors Plaintiffs, as they seek only status quo preservation, while Defendants suffer no prejudice from delayed enforcement.

5. The public interest is served by preserving regulated operations, jobs, and tax revenues while preventing arbitrary agency action.

EXHIBIT 4

6. Good cause exists to waive bond under 12 O.S. § 1392, as Plaintiffs seek only status quo relief and Defendants face no financial harm.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

a. Defendants are hereby ENJOINED from enforcing the October 31, 2025 Final Orders (OBNDD-2024-1881 and OBNDD-2024-1880) and from taking any action to revoke or interfere with Plaintiffs' OBNDD registrations or operations pending further order. This Order is issued to prevent the immediate destruction of Plaintiffs' growing plants, the shutdown of operations, loss of unique biological strains, the disruption of Plaintiffs' 120-day cultivation cycle, and exposure to criminal enforcement actions—injuries that cannot be remedied by monetary damages.

b. Plaintiffs' OBNDD credentials are hereby RESTORED pending issuance of COOs or further order.

c. This TRO shall expire within ten (10) days unless extended pursuant to 12 O.S. § 1384, *and Plaintiff shall post a $5,000.00 bond.*

d. A hearing on Plaintiffs' request for preliminary injunction is set for [date and time, e.g., December 2, 2025, at ~~9:00 a.m.~~ *1:30 p.m.*], or as soon as practicable.

e. Plaintiffs shall serve this Order and the Verified Petition on Defendants forthwith, *by personal service by Wednesday, Nov. 26 @ 12:00 p.m.*

SO ORDERED this *25* day of November, 2025.

_____
JUDGE OF THE DISTRICT COURT
*11/25/2025 @ 10:30 a.m.*

Prepared By:

Kelly L. Lynn, OBA #31908
Lynn Legal Firm, PLLC
PO BOX 439
Washington, OK 73093
T: 405-310-9451
kelly@lynnlegalfirm.com

**IN THE DISTRICT COURT OF CREEK COUNTY**
**STATE OF OKLAHOMA**

C3E MANAGEMENT LLC and )
BKF1, LLC, )
                                        )
                Plaintiffs, )

vs. )     Case No. CV-2025-192
                                        )
OKLAHOMA STATE BUREAU OF )     Hon. Robert J. Getchell
NARCOTICS AND DANGEROUS DRUGS )
CONTROL; )
OKLAHOMA MEDICAL MARIJUANA )
AUTHORITY; )
OKLAHOMA STATE FIRE MARSHAL; and )
KEVIN STITT, in his official capacity as )
Governor of the State of Oklahoma, )
                                        )
                Defendants. )

FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK

**DEC 1 2 2025**

TIME_____1:44_____
Amanda VanOrsdol, COURT CLERK

## ORDER CONTINUING TEMPORARY RESTRAINING ORDER

On December 12, 2025 the Temporary Restraining Order entered by this Court on November 25, 2025 came before the Court for consideration as to whether the Temporary Restraining Order should continue in force. The Court is still in the process of reviewing the parties' pleadings and the authorities contained therein.

IT IS THEREFORE ORDERED that the Temporary Restraining Order is hereby determined to remain in effect until December 29, 2025 or further order of this Court.

**JUDGE OF THE DISTRICT COURT**

EXHIBIT 7