GRANT COUNTY
**FILED**

DEC 19 2025

ADRIENNE HEMBREE
COURT CLERK
By_____

## IN THE DISTRICT COURT OF GRANT COUNTY
## STATE OF OKLAHOMA

**CANNA PLUS FARM LLC,**   )
**Plaintiff,**   )
   )
**v.**   )
**OKLAHOMA STATE BUREAU OF**   )
**NARCOTICS AND DANGEROUS**   )
**DRUGS CONTROL;**   )   **Case Number: CV-2025 19**
**OKLAHOMA MEDICAL**   )
**MARIJUANA AUTHORITY;**   )
**OKLAHOMA STATE FIRE MARSHAL;**   )
**and KEVIN STITT, in his official capacity**   )
**as Governor of the State of Oklahoma,**   )
**Defendants.**   )

### ORDER GRANTING EX PARTE TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's Verified Petition and Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction. The Court, having reviewed the Verified Petition, Motion, and supporting exhibits, and being fully advised, finds as follows:

1. Pursuant to 12 O.S. §§ 1382 and 1384.1, good cause exists for issuance of an ex parte Temporary Restraining Order ("TRO") as immediate and irreparable injury will result to Plaintiff before Defendants can be heard in opposition.

2. It clearly appears from specific facts set forth in Plaintiff's verified petition and motion that immediate and irreparable injury, loss, or damage will result before Defendants can be heard in opposition, satisfying 12 O.S. § 1384.1(B)(1).

3. Plaintiff has demonstrated a substantial likelihood of success on the merits of its claims, including violations of procedural due process under U.S. Const. amend. XIV and Okla. Const. art. II, § 7, ultra vires agency action under 75 O.S. § 306, and declaratory judgment under 12 O.S. §§ 1651 et seq.

4. Plaintiff will suffer irreparable harm absent relief, including crop destruction, operational halt, revenue forfeiture, and criminal exposure—harms not compensable by damages.

5. The balance of equities favors Plaintiff, as it seeks only status quo preservation, while Defendants face no harm from delayed enforcement.

6. The public interest favors constitutional regulation of licensed businesses, preventing arbitrary enforcement.

7. Good cause exists to set a nominal bond under 12 O.S. § 1392, as Plaintiff seeks only status quo relief and Defendants face no financial harm.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

a. Defendants are hereby ENJOINED from enforcing the December 1, 2025 Final Order and from taking any action based on that Final Order to revoke, suspend, or otherwise interfere with Plaintiff's OBNDD registration or its lawful medical marijuana operations pending further order of this Court. This Order is issued to prevent the immediate crop destruction, the shutdown of operations, revenue loss, and exposure to criminal enforcement actions—injuries that cannot be remedied by monetary damages—and because these injuries would render any later judgment ineffectual.

b. Plaintiff's OBNDD registration is hereby RESTORED pending further order of this Court, including any order entered after the preliminary-injunction hearing.

c. This TRO shall expire within ten (10) days of issuance unless extended by the Court in accordance with 12 O.S. § 1384.1(D) or by consent of the parties.

d. A hearing on Plaintiff's request for preliminary injunction is set for the 29th day of Dec., 2025, at 2:00 a.m./p.m. or as soon as practicable.

e. Plaintiff shall serve this Order and the Verified Petition on Defendants forthwith, including by electronic mail where available, in addition to service methods prescribed by statute or rule.

f. Plaintiff shall post a bond/undertaking in the amount of $0 pursuant to 12 O.S. § 1392.

g. This TRO shall be endorsed with the date and hour of issuance and entered of record as required by 12 O.S. § 1384.1(C). SO ORDERED this 19 day of December, 2025.

JUDGE OF THE DISTRICT COURT

Prepared By:

Kelly L. Lynn, OBA #31908
Lynn Legal Firm, PLLC
PO BOX 439
Washington, OK 73093
T: 405-310-9451
kelly@lynnlegalfirm.com