**IN THE DISTRICT COURT OF KINGFISHER COUNTY**
**STATE OF OKLAHOMA**

Kingfisher County Oklahoma
**F I L E D**
DEC 29 2025
LAUREN STROH COURT CLERK
BY_____ DEPUTY

CANNA-BUDS LLC, )
Plaintiff, )
v. )
OKLAHOMA STATE BUREAU OF )
NARCOTICS AND DANGEROUS )
DRUGS CONTROL; )  Case Number: CV-2025 108
OKLAHOMA MEDICAL )
MARIJUANA AUTHORITY; )
OKLAHOMA STATE FIRE MARSHAL; )
and KEVIN STITT, in his official capacity )
as Governor of the State of Oklahoma, )
Defendants. )

## ORDER GRANTING EX PARTE APPLICATION FOR TRO

NOW on this 29th day of _December_____, 2025, this matter comes before the Court on Plaintiff's Verified Petition for Declaratory Judgment, Temporary Restraining Order, and Preliminary Injunction, and Plaintiff's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction. The Court, having reviewed the Verified Petition, the Application, and all attached exhibits, and being fully advised in the premises, FINDS and ORDERS as follows:

## FINDINGS

1. Pursuant to 12 O.S. §§ 1382 and 1384.1, good cause exists for issuance of an ex parte Temporary Restraining Order ("TRO") because immediate and irreparable injury will result to Plaintiff before Defendants can be heard in opposition.

2. It clearly appears from specific facts shown in Plaintiff's Verified Petition and Application that immediate and irreparable injury, loss, or damage will occur before Defendants can be heard in opposition, satisfying 12 O.S. § 1384.1(B)(1).

3. Plaintiff has demonstrated a substantial likelihood of success on the merits of its claims, including:

   a. Alleged violations of procedural due process under the Fourteenth Amendment to the United States Constitution and Article II, § 7 of the Oklahoma Constitution in connection with the revocation of protected license and property interests;

b. Alleged ultra vires agency action and improper application of rules under 75 O.S. § 306 and related statutes; and

c. Entitlement to declaratory relief under 12 O.S. §§ 1651–1657 regarding the validity and application of agency rules and procedures, consistent with Oklahoma precedent recognizing district-court authority to adjudicate such claims.

4. Plaintiff will suffer irreparable harm absent immediate relief, including destruction of growing plants and unique strains, disruption of crop rotation, operational shutdown, loss of substantial investment and revenue, loss of jobs, and deprivation of asserted constitutional rights—harms that cannot be fully remedied by monetary damages.

5. The balance of equities favors Plaintiff, as Plaintiff seeks only to preserve the status quo pending adjudication of its constitutional and statutory claims, while Defendants will suffer no substantial prejudice from temporary suspension of enforcement actions based on the challenged orders.

6. The public interest favors issuance of a TRO to ensure constitutional and lawful regulation of licensed medical marijuana operations, prevent arbitrary or ultra vires enforcement, and preserve jobs and tax revenues within the community.

7. Good cause exists to set a nominal bond under 12 O.S. § 1392 in light of the regulatory nature of the dispute and the substantial hardship already borne by Plaintiff.

**ORDER**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:**

8. The Final Order entered by the Oklahoma Bureau of Narcotics and Dangerous Drugs Control in Case No. OBNDD-2024-1511, and any related enforcement actions against Plaintiff based on alleged failure to obtain Certificates of Occupancy, are hereby STAYED. Defendants are TEMPORARILY RESTRAINED AND ENJOINED from enforcing said Final Order pending further order of this Court.

9. Defendants Oklahoma State Bureau of Narcotics and Dangerous Drugs Control and Oklahoma Medical Marijuana Authority are TEMPORARILY RESTRAINED AND ENJOINED from taking any further action to suspend, revoke, or refuse to renew

Plaintiff's registration or license based solely on the absence of Certificates of Occupancy, pending further order of this Court, including any order entered after the preliminary-injunction hearing.

10. Defendants, and all persons acting in concert with them, are TEMPORARILY RESTRAINED AND ENJOINED from seizing or requiring destruction of Plaintiff's plants, products, or inventory based on the challenged orders, pending further order of this Court.

11. This Temporary Restraining Order shall ~~expire within ten (10) days of issuance~~ *extend to January 7, 2026 at 10:00 A.M.* unless extended by the Court under 12 O.S. § 1384.1(D) or by consent of the parties.

*11a. Defendant OBN to respond to Application for Ex Parte Temporary Restraining Order by 12/31/2025. Plaintiff to file reply and serve reply on OBN by 12:00 P.M. on January 6, 2026. OBN to email its response to Plaintiff's counsel after filing.*

12. A hearing on Plaintiff's Motion for Preliminary Injunction is set for the __7th__ day of __January__, 20__26__ at __10:00__ a.m., in the District Court of Kingfisher County, Kingfisher, Oklahoma.

13. Plaintiff shall promptly serve this Order, together with the Verified Petition and Ex Parte Application, on all Defendants in the manner prescribed by law and may additionally transmit copies by electronic mail to expedite notice.

14. Pursuant to 12 O.S. § 1392, Plaintiff shall post a bond/undertaking in the amount of $0.00, which the Court finds sufficient under the circumstances.

15. This Temporary Restraining Order shall be endorsed with the date and hour of issuance and entered of record as required by 12 O.S. § 1384.1(C).

IT IS SO ORDERED this __29__ day of __December__, 2025.

_____
JUDGE OF THE DISTRICT COURT

Prepared By:

*Kelly Lynn*
Kelly L. Lynn, OBA #31908
Lynn Legal Firm, PLLC
PO BOX 439
Washington, OK 73093
T: 405-310-9451
kelly@lynnlegalfirm.com