**IN AND BEFORE THE OKLAHOMA STATE BUREAU OF
NARCOTICS AND DANGEROUS DRUGS CONTROL
STATE OF OKLAHOMA**

| | |
|---|---|
| STATE OF OKLAHOMA, *ex rel.* THE OKLAHOMA STATE BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, DONNIE ANDERSON, DIRECTOR, | |
| **Petitioner,** | |
| v. | OBNDD-2024-1494 |
| AT JOY GROWERS LLC JONATHAN ATKINSON (38%) MELISSA ATKINSON (37%) DANIEL JOY (13%) JANE JOY (12%) 6501 S 642 RD QUAPAW, OK 74363 | |
| OBNDD REGISTRATION NO. 77238 | |
| | JAMES HUTCHISON SHANNON MCMURRAY |
| **Respondent.** | |

**FINAL ORDER**

This matter comes before Donnie Anderson, Director of the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control (OBNDD) for Final Order.

The State filed a motion for summary judgment on July 24, 2025. A records custodian of the Oklahoma State Fire Marshal submitted a sworn affidavit[1] concerning the dates of applications for building permits for the Respondent and the disposition of those same applications. In consideration of the evidence in the record, the hearing officer recommended the State's motion for summary judgment be granted finding no dispute of material facts and that the State is entitled to judgment as a matter of law. The hearing officer issued proposed findings of fact, and conclusions of law, and a recommendation on October 15, 2025. Accordingly, the State's motion for summary judgment is hereby GRANTED.

---

[1] Pursuant to 75 O.S. § 310(1), "when a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be received in written form." The testimony by the Oklahoma State Fire Marshal concerns records of applications as reflected in a database maintained by the Oklahoma State Fire Marshal. The relevant information does not involve factual determinations which hinge on the credibility or veracity of the witness. Accordingly, there can be no prejudice to the Respondent when this data is conveyed by sworn affidavit in lieu of live testimony.

1

The Director, having reviewed Respondent's registration record with the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control and the complete certified record of this proceeding, and being fully apprised, hereby finds as follows:

## FINDINGS OF FACT

1. Respondent is a registrant of the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control with buildings and occupied structures.

2. Respondent has used and occupied buildings or structures prior to the building official issuing a certificate of occupancy.

3. Respondent does not have an identifiable exception to the certificate of occupancy requirement for the buildings and structures that Respondent currently uses and occupies.

4. Respondent does not have a full and complete application for building permits to obtain a certificate of occupancy for any building or structure which was submitted prior to February 1, 2024, and still remains under review by the Oklahoma State Fire Marshal or other Authority Having Jurisdiction.

5. Respondent's use and occupancy of buildings and structures without a certificate of occupancy does not comply with state and local law.

6. Respondent's use and occupancy of buildings and structures without a certificate of occupancy concerns the public health and safety.

## CONCLUSIONS OF LAW

7. Respondent is a registrant of OBNDD pursuant to 63 O.S. § 2-302 and is subject to the jurisdiction of the Director of OBNDD pursuant to the UCDSA, 63 O.S. §§ 2-101 through 2-1101, the rules and regulations of OBNDD, Okla. Admin. Code Title 475, and the general statutes of the State of Oklahoma.

8. The hearing officer has authority to grant a preliminary recommendation of summary judgment if there is no genuine dispute of material fact requiring a hearing and the movant is entitled to judgment as a matter of law. Okla. Admin. Code 475:1-5-2(d)[2]

9. The Director has authority to issue a final order in this matter. 63 O.S. § 2-305; 75 O.S. § 312; Okla. Admin. Code 475:1-5-10.

10. The Director is authorized to find the registration of Respondent is inconsistent with the public interest. In determining the public interest in this case, the Director shall consider the following factors:

---

[2] Okla. Admin. Code 475:1-5-2(d) was an emergency rule of the OBNDD in effect at the time of the State's motion for summary judgment.

Compliance with applicable state and local law. 63 O.S. § 2-303(A)(2)

Such other factors as may be relevant to and consistent with the public health and safety. 63 O.S. § 2-303(A)(7)

11. The Director is authorized to revoke any registration that the Director has reason to believe is operating inconsistent with any provision of 63 O.S. § 2-303 of the Uniform Controlled Dangerous Substances Act. 63 O.S. § 2-305(A). This provision is independent of the grounds for revocation cited in the Oklahoma Medical Marijuana and Patient Protection Act.

12. Upon revocation, all controlled dangerous substances owned or possessed by registrant "may in the discretion of the Director be impounded and preserved. All controlled dangerous substances not impounded or preserved by the Director shall be maintained by the registrant". 63 O.S. § 2-304(B). This provision authorizes the Director to impound and preserve all controlled dangerous substances in Respondent's possession. The Director may also order the Respondent to maintain the security of all current controlled dangerous substances in Respondent's possession.

13. "Upon issuance of a revocation order, no disposition, purchase, distribution, sale, or transfer may be made of controlled dangerous substances until the time for taking an appeal has elapsed or until all appeals have been concluded unless a court, upon application therefor, orders the sale of perishable substances and the deposit of the proceeds of the sale with the court to be distributed to the prevailing party. Upon a revocation order becoming final, all such controlled dangerous substances shall be forfeited to the state or otherwise submitted for destruction in accordance with applicable law and by order of the Director". 63 O.S. § 2-304(B). This provision goes into immediate effect upon the issuance of a final order of revocation and prohibits Respondent from buying, selling, or transferring any controlled dangerous substances until the final order becomes effective or all appeals have been exhausted. Respondent may be permitted to destroy all controlled dangerous substances in accordance with applicable law and by order of the Director.

14. "A licensed medical marijuana business premises shall be subject to and responsible for compliance with applicable provisions consistent with the zoning where such business is located as described in the most recent versions of the Oklahoma Uniform Building Code, the International Building Code and the International Fire Code, unless granted an exemption by a municipality or appropriate code enforcement entity". 63 O.S. § 427.14(L). Respondent is a medical marijuana business and must comply with the International Building Code.

15. "A building or structure shall not be used or occupied, and a change of occupancy of a building or structure or portion thereof shall not be made, until the *building official* has issued a certificate of occupancy therefor as provided herein". International Building Code

§ 111.1 (2018 ed.). This code remains unchanged from the 2015 edition of the International Building Code which predates the legalization of medical marijuana in Oklahoma in 2018.[3]

16. "Altered areas of a building and relocated buildings shall not be used or occupied, and change of occupancy of a building or portion thereof shall not be made until the code official has issued a certificate of occupancy therefor as provided herein". International Existing Building Code § 110.1 (2018 ed.). This code remains unchanged from the 2015 edition of the International Existing Building Code which predates the legalization of medical marijuana in Oklahoma in 2018.

17. The Oklahoma State Bureau of Narcotics and Dangerous Drugs Control has "full authority to investigate and enforce any violations of the laws regarding medical marijuana". 63 O.S. § 427.3(D)(13). In addition to authority granted by the Uniform Controlled Dangerous Substances Act, this provision authorizes the Director to enforce compliance with 63 O.S. § 427.14(L) by all licensed medical marijuana businesses.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** Respondent's OBNDD registration is hereby **REVOKED** effective thirty (30) days from the date this final order is filed. Upon the effective date of revocation, Respondent shall not be permitted to possess, manufacture, distribute, dispense, prescribe, administer, or use for scientific purposes any controlled dangerous substance within or into the State of Oklahoma. While revoked, Respondent shall be permitted to possess lawfully prescribed controlled dangerous substances as the ultimate user pursuant to a lawful order of a practitioner consistent with the Uniform Controlled Dangerous Substances Act.

**IT IS FURTHER ORDERED** <u>Respondent shall immediately cease</u> any further disposition, purchase, distribution, sale, or transfer of controlled dangerous substances. Respondent shall be permitted to submit all lawfully possessed controlled dangerous substances for waste on or be the effective date of revocation. By the effective date of revocation, Respondent shall destroy its OBN Certificate of Registration and cease all activities previously authorized by OBN registration including possession of controlled dangerous substances.

**IT IS SO ORDERED.**

_Donnie Anderson_

**DONNIE ANDERSON**, *Director*

---

[3] Any argument of a "delay" or "backlog" in the processing of an application for building permits to obtain a certificate of occupancy from the Oklahoma State Fire Marshal is dismissed as irrelevant and immaterial to this proceeding. "Equity will not lend its aid in any manner to one seeking its active interposition, who has been guilty of unlawful or inequitable conduct in the matter with relation to which he seeks relief." *Camp v. Camp*, 1945 OK 234, ¶ 9, 163 P.2d 970 (quoting 30 C. J. S. 475-6; *Dow v. Worley*, 126 Okla. 175, 256 P. 56; *Murphy v. Garfield Oil Co.*, 98 Okla. 273, 225 P. 676; *Rust et al. v. Gillespie*, 90 Okla. 59, 216 P. 480). In accordance with Oklahoma law, Respondent was required to obtain a certificate of occupancy *prior* to using or occupying any structure. See 63 O.S. §427.14(L), IBC § 111.1 (2018 ed.), and IEBC § 110.1 (2018 ed.). The evidence clearly shows that Respondent has been engaged in unlawful conduct from its inception by using and occupying buildings and structures without a certificate of occupancy. Accordingly, Respondent should not benefit from any alleged "delay" due to its own unlawful conduct.

Oklahoma State Bureau of Narcotics
and Dangerous Drugs Control

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this final order was electronically mailed, mailed via certified mail, return receipt requested, or otherwise personally delivered on or about the date it was filed to the following:

SHANNON MCMURRAY
3015 E Skelly Drive, Ste 324
Tulsa, OK 74105
shannon@smmattorneyatlaw.com
*Counsel for Respondent*

AT JOY GROWERS LLC
atjoygrowers@hotmail.com
*Respondent*

**OFFICE OF THE GENERAL COUNSEL**
Oklahoma State Bureau of Narcotics
and Dangerous Drugs Control
419 NE 38th Terrace
Oklahoma City, OK 73105
admin@obn.ok.gov