**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

Lisa Tran, LLC, an Oklahoma limited liability company, for themselves and those similarly situated, *et al*.,

       Plaintiffs,    Case No.: 25-cv-00512-JDR-CDL

 vs.

State of Oklahoma *ex rel.* Oklahoma Medical Marijuana Authority ("OMMA"), *et al.*,

       Defendants.

**DECLARATION**

I, JONATHAN DARIN ATKINSON ("Darin Atkinson"), being of lawful age and first duly sworn upon oath, depose and state as follows:

1. I am over the age of eighteen (18) years and competent to testify to the matters set forth herein based on my/our personal knowledge.

2. I, JONATHAN DARIN ATKINSON, am one of the owners of AT JOY GROWERS, LLC, an Oklahoma limited liability company, which is a named Plaintiff in the lawsuit styled *Lisa Tran LLC et al. v. State of Oklahoma et al.*, Case No. 4:25-cv-00512-JDR-CDL, pending in the United States District Court for the Northern District of Oklahoma (the "Lawsuit").

3. I, along with the other owners, Melissa Atkinson, Dan Joy, Jane Joy, have owned and operated At Joy Growers, LLC, since 2020, and have operated grow facilities, legally and without incident, since their inception.

4. We invested over $2,000,000.00 in the Oklahoma Medical Marijuana industry in reliance on Oklahoma's regulatory framework.

5. In or about August 2023, I learned that OBNND would now require a Certificate of Occupancy ("COO") for the 2023 renewal application for fiscal year 2024, which was never required of us before.

6. Our OBNDD registration and renewals every year covered (1) processing, (2) an indoor grow, and (3) an outdoor grow under one registration number.

7. For fiscal year 2024, the OBNDD renewal fee was also changed from $500 to $2,500.

8. When we first started the businesses, we were advised by OMMA that a Certificate of Occupancy was not required to legally operate in the State of Oklahoma. OMMA advised that only a Certificate of Compliance was required, which we completed every year

without incident. I relied upon these representations when I invested in and started the businesses.

9. At Joy Growers' licenses and renewals for every year following stated: "The license issued by the Oklahoma State Department of Health, Oklahoma Medical Marijuana Authority to certify **the above has fulfilled the requirements of 63 O.S. § 420 et seq. . . .**" (Emphasis added.)

10. On October 19, 2023, we submitted our renewal application with our COO requirements to the Oklahoma State Fire Marshall ("OSFM").

11. OMMA shows us as "active" and falling within the safe harbor since we submitted our application before the February 14, 2024 retroactive deadline date.

12. On November 14, 2025, OBNDD issued the Final Order revoking our registrations, despite our diligent attempts to comply with all applicable ex post facto requirements, including attempting to comply with the COO applications and valid attestations, and despite the fact that OMMA shows us as "active" and falling within the safe harbor since we submitted our application before the February 14, 2024 retroactive deadline date.

13. The Final Order revoked our outdoor grow, even though no COO is required for an outdoor grow registration.

14. Before OBNDD, we were not allowed discovery or an opportunity to be heard. We were not allowed to present any evidence of the attempts we have made to obtain a COO by the arbitrary deadline or the OSFM delays that have prevented us from obtaining a COO. We were also deprived of the right to a jury trial, while facing substantial fines, revocation, and criminal arrest for any violations.

15. Despite our diligent attempts to comply with the new requirement of a COO, we have been unable to obtain finalized COOs as a direct result of systemic backlogs at the OSFM, and the changes in policy of allowing, then not allowing, and then allowing 3rd Party vendors to assist and review.

16. We are at 50% inspection with the OSFM, and should have our COO before the June 1, 2026 outdoor grow season begins and before any plants are planted in the ground.

17. However, we cannot enter into necessary contracts because OBNDD revoked our registration completely, even for the outdoor grow, for which no COO is required.

18. Our outdoor growing process does not utilize any buildings. The plants are cut, frozen, packed, and shipped in truck trailers directly from the fields.

19. We have employed over 10 employees, all Oklahoma residents.

20. **We must be able to engage contracts for our outdoor grow season by <u>no later than February 20, 2026</u>,** to participate in the 2026 outdoor grow season. If we are not able to operate and engage in contracts by February 20, 2026, we will lose all necessary contracts to start the outdoor grow season by June 1, 2026 and we will lose millions of dollars, customer good will, and competitive business advantages. Absent relief, we will suffer irreparable harm to

the outdoor grow part of our business, loss of unique strains, loss of livelihood, loss of property, lost revenue, loss of investment, loss of goodwill, erosion of customer base, loss of future customers based on customer referrals, and diminution of corporate image.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

FURTHER DECLARANT SAYETH NOT.

At Joy Growers, LLC

JONATHAN DARIN ATKINSON[1] /Signature

Executed on February 10, 2026

---

[1] Jonathan Darin Atkinson is "Darin Atkinson" in the Second Amended Complaint. Plaintiffs will file a notice of correction with the Court to correct his legal name.