**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

**Splash, LLC, an Oklahoma limited**
**liability company, et al.**

**Plaintiffs,**

vs.                                                                    Case No. 25-cv-00512-CDL

**State of Oklahoma ex rel. Oklahoma**
**Medical Marijuana Authority, et al.**

**Defendants.**

## ALL DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendants, by and through their counsel, hereby submit their Reply to Plaintiff's Response to Defendant's Motion to Dismiss [Doc. No. 120]. In further support of its Motion to Dismiss [Doc. No. 94], Defendants state the following:

**I.      The Court lacks subject matter jurisdiction under *Ex parte Young.***

Under the *Ex parte Young* exception, "plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1167 (10th Cir. 2012) (citations omitted). Additionally, any claims for retroactive relief or damages are foreclosed under the *Ex Parte Young* doctrine. *See Elephant Butte Irr. Dist. of New Mexico v. Dep't of Interior*, 160 F.3d 602, 611 (10th Cir. 1998).

In this case, Plaintiff asserts claims against five state agencies[1] and four individuals in their official capacities[2] and seeks retrospective monetary damages for all claims asserted including compensatory damages for economic losses and punitive damages. [Doc. 41, pp. 49-67]. The Court lacks subject matter jurisdiction for all claims asserted against the five state agencies in this case. The Plaintiffs cannot satisfy the first prong of the *Ex parte Young* exception referenced above. In addition, Plaintiffs' claims for monetary relief are fatal to their allegation that *Ex parte Young* applies to any of the Defendants. This form of relief is foreclosed under the *Ex parte Young* doctrine, specifically prong three, as compensatory and punitive damages are retrospective and barred by the Eleventh Amendment. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145-46 (1993); *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 103 (1984). Because courts do not "possess jurisdiction to award monetary damages in the context of *Ex parte Young*," *EagleMed, LLC v. Wyoming ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 227 F. Supp. 3d 1255, 1281-82 (D. Wyo. 2016), *aff'd sub nom. EagleMed LLC v. Cox*, 868 F.3d 893 (10th Cir. 2017), all claims for monetary damages against the State and the individuals in their official capacity must be dismissed.

**II. An Order granting a preliminary injunction is an interlocutory order that can be modified or vacated by the district court any time prior to the entry of a final judgment, and does not constitute the "law of the case."**

---

[1] The five named Oklahoma State agencies as Defendants are: Oklahoma Medical Marijuana Authority, Oklahoma Bureau of Narcotics and Dangerous Drugs, Oklahoma State Fire Marshall, LP Gas Administration, and Office of Oklahoma Attorney General. [Doc. 41]
[2] The four named Individuals in their official capacities are: G Keith Bryant, Donnie Anderson, Adria Berry and Governor Stitt. [Doc. 41]

Plaintiffs argue the "Court's Preliminary Injunction Order [Doc. 116] confirms the viability of their claims" and that "a motion to dismiss cannot overcome a post-evidentiary hearing finding of likelihood of success." [Doc. 120, p. 4]. But "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is not permanent. It is an interlocutory order that can be reversed or modified at any time by the district court prior to a final judgment. *See U.S. ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988) (preliminary injunction is by its very nature "interlocutory, tentative and impermanent."). Thus, Plaintiffs' argument that this Court's Preliminary Injunction Order holdings are "the law of this case and forecloses Defendants," [Doc. 120, p. 10], defenses is completely without merit.

### III.    Plaintiffs cannot seek to amend their complaint in a Response to a Motion to Dismiss.

Plaintiffs contend they will seek leave from this Court to amend their Complaint a third time to include claims against Governor Stitt in his individual capacity and argue at length the reasons they believe another amendment is appropriate. [Doc. 120, p. 3-5, fn 2]. But the only facts this Court should consider are those contained in the Plaintiff's Second Amended Complaint. *See Oxendine v. Kaplan,* 241 F.3d 1272, 1274 (10th Cir. 2001); *see also Ajaj v. Fed. Bureau of Prisons,* 838 F. Supp. 2d 1108, 1112 (D. Colo. 2011) (*citing Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002)) ("[t]he Court's consideration is limited to the four corners of the complaint and any attached or referenced documents when considering a Motion to Dismiss."). Whatever the Plaintiffs plan to put

into a theorical third amended complaint should not be taken into consideration by this Court to determine whether to grant the Defendant's currently pending Motion to Dismiss because the new allegations against Governor Stitt in his individual capacity are blatantly outside the four corners of the Second Amended Complaint. If or when Plaintiffs file a Motion with this Court for leave to file a third amended complaint, Defendants will object at the appropriate time.

### IV.   Vertical stare decisis requires this Court to follow *Lippoldt.*

Plaintiffs Response directs this Court to cases within the Eleventh and Ninth Circuits to argue an LLC is a person under §1983. [Doc. 120, p. 6-9]. However, it is well settled that a court is bound by and must follow the precedent of its own circuit, "regardless of its views concerning the advantages of the precedent of sister circuits." *United States v. Spedalieri,* 910 F.2d 707, 709, fn. 2 (10th Cir. 1990); *see also In re Korean Air Lines Disaster,* 829 F.2d 1171, 1176 (D.C.Cir.1987), *aff'd,* 490 U.S. 122, (1989) (finding "[b]inding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit."). In the hierarchy of the federal court system, precedent "must be followed by the lower federal courts." *Hutto v. Davis*, 454 U.S. 370, 375 (1982). "A district court must follow the precedent of this circuit." *United States v. Spedalieri*, 910 F.2d 707, 709 (10th Cir. 1990). Because "rigid adherence to vertical stare decisis is paramount," *United States v. Maloid*, 71 F.4th 795,

4

808 (10th Cir. 2023), *Lippoldt*[3] mandates that Plaintiffs are "unincorporated associations" who are not "persons" as that term is used in 42 U.S.C. § 1983.

Plaintiffs further argue that even if an LLC cannot be named as Plaintiff, the individual owners of the LLC's are unambiguous persons under § 1983. [Doc 120, p. 8] This argument fails to acknowledge that § 1983 claims can only be based on the violation of the Plaintiff's rights, not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (*citing Dohaish v. Tooley,* 670 F.2d 934, 936 (10th Cir.)). The individual Plaintiffs cannot claim damages or injury belonging to the LLC.

**IV.     Defendants' illegality argument is dispositive**

Plaintiffs attempt to mischaracterize the issue in this case and instead, present it as "wholly independent of legality of marijuana." [Doc. 120, p. 10]. But Plaintiffs fail to acknowledge the relief they seek is for a federal court to provide injunctive and declaratory relief by ordering the State to engage in conduct that remains illegal under federal law. Marijuana remains contraband *per se* under federal law. *See* 21 U.S.C. § 881(a)(8). Contraband *per se* are objects "intrinsically illegal in character," "the possession of which, without more, constitutes a crime." *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 699–700 (1965). The Supreme Court has long held no person can have a legally protected property interest in contraband *per se*. *See United States v. Jeffers,* 342 U.S. 48, 53 (1951). Plaintiffs are essentially asking this Court to find a constitutional right to a

---

[3] Significantly, as recent as July 29, 2025, the Tenth Circuit reaffirmed *Lippoldt's* "unincorporated association" precedent. *See Christians in the Workplace Networking Grp. v. Nat'l Tech. & Eng'g Sols. of Sandia, LLC*, No. 24-2072, 2025 WL 2114295, at *7 (10th Cir. July 29, 2025) (unpublished) ("unincorporated associations are not persons entitled to sue under § 1983.").

license to produce contraband, therefore, the issue in this case cannot be wholly independent of marijuana's classification, as they suggest, and the illegality doctrine must apply to the relief Plaintiffs are seeking.

"[A] court sitting in equity cannot ignore the judgment of Congress, deliberately expressed in legislation." *U.S. v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 497 (2001). This principle establishes that federal courts cannot use their equitable powers to facilitate conduct that violates federal criminal law, even when such conduct is legal under state law. The  Tenth Circuit and district courts within the circuit have consistently applied this principle to deny equitable relief that would further marijuana businesses. In *Original Investments, LLC v. State*, the Western District of Oklahoma held that a medical marijuana business was not entitled to declaratory and injunctive relief because "the court would not use its equitable power to facilitate illegal conduct." *Original Investments, LLC v. State*, 542 F.Supp.3d 1230 (2021). The court explained that granting equitable relief would "facilitate criminal activity more (by allowing non-residents to have medical marijuana business licenses) than would a denial of equitable relief." *Original Investments, LLC v. State*, 542 F.Supp.3d 1230, 1235 (2021).

Further, while it is true that the DOJ has issued appropriation riders denying funding for the *prosecution* of private individuals who are state-law complaint, *United States v. McIntosh*, 833 F.3d 1163, 1177 (9th Cir. 2016); *United States v. Stacy*, 156 F.4th 994,1013 (10th Cir. 2025), this cases are distinguishable from the case at hand because there is no criminal prosecution alleged here. In the civil context, other Circuits have contemplated

whether "mixed signals" from the federal government changes the analysis as it applies to constitutional violation allegations. *Peridot Tree WA, Inc. v. Washington State Liquor & Cannabis Control Bd.,* 162 F.4th 1179, 1189 (9th Cir. 2026). The Ninth Circuit considered the appropriations rider when asked to extend the Dormant Commerce Clause and determined the rider "reflects a non-enforcement approach." *Peridot Tree WA, Inc.,* 162 F.4th at 1189. Concluding that an assessment of constitutional protections cannot "turn on how much the political branches still believe in the laws that are on the books," the Court held that "[I]n our constitutional order, it's Congress that passes laws, Congress that saw fit to enact 21 U.S.C. § 841, and Congress that in § 841 made the distribution of marijuana a federal crime." *Id.* (citing *Feinberg v. C.I.R.*, 808 F.3d 813, 816 (10th Cir. 2015)). The congressional appropriations rider (commonly known as the Rohrabacher-Farr or Rohrabacher-Blumenauer Amendment) does not change the analysis regarding equitable relief for marijuana businesses. The rider prohibits the Department of Justice from spending appropriated funds to prevent states from implementing their medical marijuana laws, but it does not amend the Controlled Substances Act, reclassify marijuana, or authorize federal courts to grant equitable relief that furthers marijuana cultivation. *See Mesilla Valley Extracts, LLC v. United States Dep't of Homeland Sec.*, No. 2:24-CV-1072-KG-DLM, 2026 WL 353360, at n.3 (D.N.M. Feb. 9, 2026).

Because Plaintiffs' cause of action is based *entirely* upon illegal conduct, Plaintiffs' claims must be dismissed for the reasons set forth above.

### VI. Plaintiffs have given no supporting authority for a clearly established constitutional right in a medical marijuana license

Plaintiffs have not met their burden of proving a constitutional right was violated nor have they alleged a violation of a clearly established right. *Callahan v. Millard County*, 494 F.3d 891 (10th Cir. 1997). The cases Plaintiffs provide are not persuasive as none of them hold there is a protected property interest in cultivating medical marijuana and none discuss whether marijuana can even be the dispute of a federal civil rights complaint. [Doc. 120, p. 12]. Even if Plaintiffs could establish a constitutional violation occurred, these cases prove the issue is not so clearly established as to put Defendants on notice that Plaintiffs rights are "beyond debate". *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). Plaintiff has not and cannot even provide any clearly established constitutional rights to a medical marijuana cultivation license and as such, the individual Defendants are entitled to qualified immunity.

### VI.    Compliance with the Oklahoma Governmental Torts Claim Act is a mandatory jurisdictional prerequisite to filing suit

Plaintiffs suggest that the Notice requirement under the Oklahoma Governmental Torts Claim Act ("GCTA") allows them to seek leave to Amend their Complaint subsequent to filing suit. [Doc. 120, p. 14]. As thoroughly briefed in Proposition III, the Court should not entertain suggestions for Amendments in the Motion to Dismiss stage. Moreover, the Oklahoma Supreme Court has reinforced the mandatory jurisdictional requirement of notice provisions of the GCTA prior to filing claims for tort damages. *Hall v. GEO Grp., Inc.*, 2014 OK 22, ¶ 1, 324 P.3d 399, 400 (*citing Harmon v. Cradduck,* 2012 OK 80, ¶ 28, 286 P.3d 643 ("Notice is a jurisdictional prerequisite to bringing an action under the GTCA. Failure to present written notice as required by the GTCA results in a

permanent bar of any action derivative of the tort claim."); *see also Ullman v. Oklahoma Highway Patrol*, 2023 OK 100, ¶ 20, 538 P.3d 138, 144 ("Notice of a claim is critical under the Act because the Act provides for the exclusive liability of a governmental entity for a tort claim. The notice requirement is a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages."); *Crawford on Behalf of C.C.C. v. OSU Med. Tr.*, 2022 OK 25, ¶ 5, 510 P.3d 824, 829 (The "notice required by 51 O.S. § 156(B) is considered a mandatory prerequisite and jurisdictional requirement to filing a tort claim in district court." ). The statutory language for notice requirements is found in 51 O.S. § 157, which mandates that "[n]o action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days *after denial* of the claim." (emphasis added). Plainly stated, Plaintiffs cannot seek to provide notice of a claim under the GCTA *after* commencing this suit and all state law damages claims must be dismissed.

## CONCLUSION

For all these reasons, Defendants respectfully request the Court dismiss this action.

Respectfully submitted,

s/ Devan Pederson
**DEVAN PEDERSON, OBA #16576**
**A.J. REDING, OBA #32490**
**TABITHA HANEY, OBA #35381**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-1263
Facsimile: (405) 521-4518

9

Email:  devan.pederson@oag.ok.gov
aj.reding@oag.ok.gov
Tabitha.haney@oag.ok.gov
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of April, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and for Notice of Electronic Filing to all counsel of record, who are registered participants.

Dana Kurtz

<u>s/ Devan Pederson</u>
Devan Pederson